[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 1246.]

**OFFICE OF DISCIPLINARY COUNSEL *v.* MALKIN.**

**[Cite as *Disciplinary Counsel v. Malkin*, 2000-Ohio-251.]**

(No. 93-1739—Submitted December 15, 1999—Decided January 4, 2000.)

ON PETITION FOR REINSTATEMENT.

_____

{¶ 1} This cause came on for further consideration upon the filing on November 19, 1998, of a petition for reinstatement by respondent, Jack Steven Malkin, Attorney Registration No. 0034018. In accordance with Gov.Bar R. V(10)(F), respondent's petition for reinstatement was referred to the Board of Commissioners on Grievances and Discipline. The board filed its final report in this court on October 15, 1999, recommending that respondent be reinstated to the practice of law. No objections to said final report were filed. Upon consideration thereof,

{¶ 2} IT IS ORDERED by this court that the petition for reinstatement of respondent be, and hereby is, granted, and that respondent, Jack Steven Malkin, last known business address in Cleveland, Ohio, be and hereby is reinstated to the practice of law.

{¶ 3} IT IS FURTHER ORDERED by the court that respondent be taxed the costs of these proceedings in the amount of $2,156.26, less the deposit of $500, for a total balance due of $1,656.26, which costs shall be payable to this court, by certified check or money order, on or before ninety days from the date of this order. It is further ordered that if these costs are not paid in full on or before ninety days from the date of this order, interest at the rate of ten percent per annum shall accrue as of ninety days from the date of this order, on the balance of unpaid board costs and that the court may find respondent in contempt and suspend respondent until such time as costs, including all accrued interest, have been paid in full.

**{¶ 4}** IT IS FURTHER ORDERED, *sua sponte*, by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F).  It is further ordered, *sua sponte*, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

**{¶ 5}** IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

**{¶ 6}** IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

**{¶ 7}** For earlier case, see *Disciplinary Counsel v. Malkin* (1994), 68 Ohio St.3d 482, 628 N.E.2d 1356.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————